**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

PERRY A. WILCOX,

            Plaintiff,          Civ. No. 1:21-cv-00039-NLH-AMD

      v.                   **OPINION**

RICHARD T. SMITH, individually,
CHARLES WARREN, individually,
KRISTINA SMITH, individually,
CFG HEALTH SYSTEMS, LLC; and
CUMBERLAND COUNTY, NEW JERSEY,

            Defendants.

---

**APPEARANCES:**

DONALD A. OTTAUNICK
BRENDAN PATRICK BARRY
MICHAEL C. KLAUDER
COLE SCHOTZ, P.C.
COURT PLAZA NORTH
25 MAIN STREET
P.O. BOX 800
HACKENSACK, NEW JERSEY 07602-0800

    *Attorney for Plaintiff*

STEPHEN D. HOLTZMAN
JEFFREY S. MCCLAIN
LILIA LONDAR
HOLTZMAN MCCLAIN & LONDAR, P.C.
524 MAPLE AVENUE, SUITE 200
LINWOOD, NEW JERSEY 08221

    *Attorneys for Defendants CFG Health Systems, LLC and*
    *Kristina Smith*

JAMES R. BIRCHMEIER
BIRCHMEIER & POWELL LLC

```
1891 STATE HIGHWAY 50
PO BOX 582
TUCKAHOE, NJ 08250-0582
```

    *Attorney for Defendants Charles Warren, Richard T. Smith, and Cumberland County, New Jersey*

**HILLMAN**, District Judge

    Before the Court is Kristina Smith's Motion to Dismiss (ECF 70).  For the reasons expressed below the Motion to Dismiss will be denied.

    I.   **BACKGROUND**

    Plaintiff was housed at the Cumberland County Jail (the "Jail") from July 31, 2020 through approximately May 13, 2022. (Second Amended Complaint ["Second Am. Compl."], ECF 65 at ¶ 2). This period includes the height of the COVID-19 pandemic. (Id.).  Plaintiff contracted COVID while incarcerated at the Jail and developed long-COVID symptoms.  (Id. at ¶ 3).  CFG Health Systems is a private entity that provides medical services to those incarcerated at the Jail.  (Id. at ¶ 12). Defendant Kristina Smith is a registered nurse, employed by CFG as Medical Director of the Jail.  (Id. at ¶¶ 11-12).

    Plaintiff initiated this action *pro se* with a Complaint filed on January 4, 2021.  (ECF 1).  Plaintiff filed an Amended Complaint on January 19, 2022.  (ECF 18).  Plaintiff also filed another proposed amended complaint on March 3, 2022; however, this proposed amended complaint was never officially filed.

(ECF 26).  On August 29, 2022, Plaintiff was appointed *pro bono* counsel.  (ECF 48).  Thereafter, on March 30, 2023, Plaintiff filed a Second Amended Complaint.  (ECF 65).  The Second Amended Complaint includes claims for constitutional rights violations arising from the Jail's response to the COVID-19 pandemic. (Id.).

The initial Complaint named as defendants Cumberland County Board of Freeholders, Cumberland County Department of Corrections, and CFG Health Systems, LLC.  It included allegations against CFG, and included allegations about actions by "the medical staff."  (ECF 1-2 at 1, 5).  The First Amended Complaint incorporated these allegations by reference.  (ECF 18 at 7).  The Second Amended Complaint also names Kristina Smith. (ECF 65).

On April 28, 2023, Kristina Smith ("Smith" or "Defendant") filed a Motion to Dismiss the claims against her.  (ECF 70). Plaintiff filed a response on May 22, 2023.  (ECF 73).  On May 30, 2023, Defendant filed her reply.  (ECF 74).

## II.  <u>LEGAL STANDARD</u>

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.

Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).  A pleading
is sufficient if it contains "a short and plain statement of the
claim showing that the pleader is entitled to relief."  Fed. R.
Civ. P. 8(a)(2).

    "While a complaint attacked by a Rule 12(b)(6) motion to
dismiss does not need detailed factual allegations, a
plaintiff's obligation to provide the 'grounds' of [her]
'entitle[ment] to relief' requires more than labels and
conclusions, and a formulaic recitation of the elements of a
cause of action will not do."  Bell Atl. Corp. v. Twombly, 550
U.S. 544, 555 (2007) (first alteration added) (second alteration
in original) (citation omitted).

    To determine the sufficiency of a complaint, a court must
take three steps: (1) the court must take note of the elements a
plaintiff must plead to state a claim; (2) the court should
identify allegations that, because they are no more than
conclusions, are not entitled to the assumption of truth; and
(3) when there are well-pleaded factual allegations, a court
should assume their veracity and then determine whether they
plausibly give rise to an entitlement for relief.  Malleus v.
George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Ashcroft v.
Iqbal, 556 U.S. 662, 664, 675, 679 (2009) (alterations,
quotations, and other citations omitted).  A court in reviewing
a Rule 12(b)(6) motion must only consider the facts alleged in

the pleadings, the documents attached thereto as exhibits, and matters of judicial notice.  S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999).

"A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'"  Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

With regard to a motion to dismiss based on a statute of limitations defense, the law of this Circuit (the so-called "Third Circuit Rule") permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.  Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir.2002).

### III. DISCUSION

#### A. Subject Matter Jurisdiction

This Court has jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331.

#### B. Statute of Limitations

The length of the statute of limitations for actions brought under Section 1983 "is that which the State provides for personal-injury torts."  Wallace v. Kato, 549 U.S. 384, 387 (2007).  The Third Circuit has held that "New Jersey's two-year limitations period on personal injury actions, N.J.S.A. 2A:14-2,

5

applies to a civil rights claim under § 1983." <u>Montgomery v. De Simone</u>, 159 F.3d 120, 126 n. 4 (3d Cir. 1998) (<u>citing</u> <u>Cito v. Bridgewater Twp. Police Dep't</u>, 892 F.2d 23, 25 (3d Cir.1989)). While the applicable statute of limitations is determined by reference to state law, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." <u>Wallace</u>, 549 U.S. at 388 (emphasis in original). "[T]he standard rule [is] that the limitations period commences when the plaintiff has 'a complete and present cause of action.'" <u>Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.</u>, 522 U.S. 192, 201 (1997) (<u>quoting</u> <u>Rawlings v. Ray</u>, 312 U.S. 96, 98 (1941)).

In determining whether an action should be dismissed for non-compliance with a statute of limitations, the Third Circuit has cautioned that "[if] the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." <u>Robinson v. Johnson</u>, 313 F.3d 128, 135 (3d Cir.2002) (quotation omitted).

Defendant asserts that the claims in the Second Amended Complaint against Smith violate that statute of limitations. (ECF 70-4 at 5). Specifically, Defendant states that "Plaintiff has violated the applicable two-year statute of limitations with respect to Kristina Smith, who was not named as a defendant

6

until March 30, 2023 related to COVID-19 illness of November 2020." (Id. at 9).

Plaintiff responds that the claims against Smith are timely pursuant to the relation back doctrine, or in the alternative, pursuant to "state law tolling principles." (ECF 73 at 5-6).

### A. Relation-Back Doctrine

"Relation-back is a way of justifying the belated addition of a new claim or a new party." Ortiz ex rel. City of Camden, No. 11-2300, 2013 WL 1811895, at * 3 (D.N.J. Apr. 29, 2013) (quoting Greczyn v. Colgate-Palmolive, 869 A.2d 866, 874 (N.J.2005)). Rule 15(c) provides that an amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

7

Fed. R. Civ. P. 15(c)(1).

In deciding whether the amendment in this case relates back to the date of an original pleading, the Court first considers whether New Jersey law — which is the law that provides the applicable statute of limitations as discussed above — would allow relation back.  Fed. R. Civ. P. 15(c)(1)(A).  The New Jersey Court Rules contain a general relation back rule, which provides that "[a]n amendment changing the party against whom a claim is asserted relates back if" the claim asserted in the amended complaint arose out of the conduct set forth in the original pleading, and if within the statute of limitations period the new party "(1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party to be brought in by amendment."  N.J. Ct. R. 4:9-3.

"The requirements of Fed. R. Civ. P. 15(c)(1)(C)(i) and (ii) are almost identical to the requirements of New Jersey's general relation back rule, although under the federal rule Defendants must have had notice within the time for serving the summons and complaint rather than within the statute of limitations period."  Dean v. Deptford Twp., No. 13-5197, 2015 WL 13640263, at *3 (D.N.J. Apr. 1, 2015).

8

### i. Timeliness of Initial Pleading

First, in order for the claims against Smith to be timely pursuant to the relation back doctrine, the pleading that the present Second Amended Complaint relates back to must have been timely.  Plaintiff explains that the Initial Complaint and First Amended Complaint were both filed within the two-year statute of limitations.  (ECF 73 at 12).  Plaintiff states, without conceding, that if Plaintiff's claims accrued when he contracted COVID in 2020, then he had until November 2022 to file.  (Id.).  His Initial Complaint was filed on January 4, 2021 and his First Amended Complaint was filed on January 19, 2022.  (Id.).  Defendant does not dispute this point.

### ii. Conduct, Transaction, or Occurrence

Second, the claims that Plaintiff seeks to relate back must arise out of the same transaction or occurrence.  Plaintiff explains that "there is no question that Plaintiff's Second Amended Complaint 'asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[s]'" which were timely filed."  (Id.).

Plaintiff's First Amended Complaint alleged that "[t]he medical staff at CCDOC displayed behavior of hazardous negligence".  (ECF 1 at 5).  Plaintiff further detailed that areas for COVID-19 testing were "not sanitized nor isolated."

(ECF 1-2 at 1).  He alleged that he was housed in close quarters
with others who were not tested for COVID-19 in violation of CDC
guidelines.  (Id. at 2).  He alleged that "[o]n or about the
dates of October 27th–30th, 2020, prisoners from the kitchen
contracted the disease . . . were fired yet not quarantined."
(Id. at 4).  Plaintiff asserts that as a result he was exposed
to an individual with COVID-19.  (Id.).

Similarly, in the Second Amended Complaint Plaintiff
alleges that "Defendants were deliberately indifferent to
Plaintiff's serious medical needs in violation of Plaintiff's
clearly established constitutional rights."  (Second Am. Compl.
at ¶ 77).  More specifically, the claims against Smith in the
Second Amended Complaint indicate that in her position as
Medical Director, she was aware of a COVID-19 outbreak of
certain incarcerated persons working in the kitchen, but ignored
CDC guidelines and did not test nor quarantine these people.
(Id. at ¶¶ 27–29).  Instead, these individuals were fired from
their kitchen positions and returned to the dormitory where
Plaintiff was housed, and Plaintiff contracted COVID-19.  (Id.
at ¶ 29).

Plaintiff also alleges that "he was never provided any
medical treatment or medication for his symptoms.  (Id. at ¶
36).  It is apparent from these similar allegations that the
actions complained of arise from the same occurrence.

10

### iii. Notice

Plaintiff explains that Smith received notice sufficient to satisfy Fed. R. Civ. P. 15(c)(1)(C)(i) in that Ms. Smith and CFG share a sufficient identity of interest in connection with the claims asserted in this action so as to treat them as a single legal entity and impute CFG's notice of the original pleadings to Ms. Smith." (ECF 73 at 14). More specifically, "Ms. Smith was employed by CFG, and the allegations lodged against her in the Second Amended Complaint all arise from her conduct while under CFG's employ." (Id.). Notice at the time CFG was served with the complaint satisfies both the federal summons period requirement and the state statute of limitations period requirement. Defendant does not dispute that she received notice of Plaintiff's suit.

In addition, as Plaintiff points out, Smith has been involved in other, related litigation, she was employed as Medical Director under CFG who is named in the Initial Complaint and First Amended Complaint, and, as Defendant notes herself, the Initial Complaint included attachments that have Defendant Smith's name on them. (See ECF 74 at 3). These factors demonstrate that Smith will not be prejudiced by permitting this suit to proceed.

Moreover, the Third Circuit has specifically endorsed the "shared attorney" method of imputing notice. "The 'shared

attorney' method of imputing Rule 15(c)(3) notice is based on the notion that, when an originally named party and the party who is sought to be added are represented by the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the action." Singletary v. Pennsylvania Dep't of Corr., 266 F.3d 186, 196 (3d Cir. 2001). Here, Defendant Smith and CFG are represented by the same counsel.  Thus, it is appropriate to impute notice.

Plaintiff has demonstrated sufficient notice to satisfy R. Civ. P. 15(c)(1)(C)(i).

### iv. Knew or Should Have Known

With respect to Fed. R. Civ. P. 15(c)(1)(C)(ii), Plaintiff claims that "[i]n light of Ms. Smith's relationship with CFG (which had notice of this action since its inception), direct involvement in the underlying events, and knowledge of other parallel proceedings brought against her by similarly situated Plaintiffs, she knew or should have known that when Plaintiff made the allegations in his first two complaints regarding the 'medical staff' at CFG, he was referring, at least in part, to her." (ECF 73 at 15).  Defendant points out that this part of the analysis requires showing that "the new party knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." (ECF 74 at 3).  Defendant asserts that there was no mistake as to

12

Smith's identity, as "[a]n existing defendant is not being replaced in Plaintiff's Second Amended Complaint."  (Id. at 4).

The Third Circuit has held that "[a]n amendment naming a new party will relate back to the original complaint if the party had adequate notice of the action and should have known that it would have been named in the complaint but for a mistake — whether the mistake is based on lack of knowledge or mere misnomer." Arthur v. Maersk, Inc., 434 F.3d 196, 209 (3d Cir. 2006).  Defendant's argument that she did not replace a previously named defendant only considers the misnomer category of mistake.  However, in this circuit, "[m]istake of identity occurs in two situations: 1) when the plaintiff misdescribes the defendant (a 'misnomer'), and 2) when the plaintiff lacks knowledge about [who] the proper defendant is." Clinton v. Jersey City Police Dep't, No. 07-5686, 2017 WL 1024274, at *4 (D.N.J. Mar. 16, 2017) (citations omitted).  The latter may not result in a one-to-one substitution of defendants.

Defendant also points out the Plaintiff's Initial Complaint included "attached documents bearing the name of Kristina Smith."  (Id. at 3).  However, "[i]nformation in the plaintiff's possession is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity." Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 548 (2010).  The Supreme Court has explained

that "[f]or purposes of that inquiry, it would be error to conflate knowledge of a party's existence with the absence of mistake. . . . That a plaintiff knows of a party's existence does not preclude her from making a mistake with respect to that party's identity." Id. Thus, the fact that Plaintiff had a document with Defendant's name on it related to his COVID testing does not preclude a finding that he made a mistake regarding her identity as it relates to his claims.

The relation back doctrine does not apply where "the plaintiff had been aware of the identity of the newly named parties when [he] filed [his] original complaint and simply chose not to sue them at that time." Garvin v. City of Philadelphia, 354 F.3d 215, 221 (3d Cir.2003).  That is not the case here.  Rather, as Plaintiff describes "[w]hen Plaintiff filed the Initial Complaint and the First Amended Complaint within the limitations period, he was unrepresented, did not have access to his complete medical records, and thus did not have the information he needed to identify all of the appropriate parties, including the specific 'medical staff' who contributed to his injuries." (ECF 73 at 15).  The mistake here is that Plaintiff did not appreciate Kristina Smith's role or position within the medical staff at the prison or as it relates to his treatment.  Plaintiff's lack of knowledge of Smith's identity is sufficient to demonstrate a mistake under Fed. R.

Civ. P. 15(c)(1)(C)(ii).  Thus, as Plaintiff has demonstrated that Defendant knew or should have known that this action would have been brought against her absent mistake by Plaintiff, this prong of the relation back doctrine is met.

### B. Statutory Tolling

Because we have determined that the relation-back doctrine applies, we need not address Plaintiffs' alternative arguments for tolling.

### IV.   CONCLUSION

For the reasons expressed above, Defendant's Motion to Dismiss the complaint will be denied.

An appropriate order will be entered.


Date: October 6, 2023                    s/ Noel L. Hillman
At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.